I. S. GREEN and EASTMAN G. CURREY v. THE STATE.

1. CONSTITUTIONAL LAW. *Jurors.* Sections 7 and 13 of act of 1885, "to organize and incorporate an independent militia," providing that fifteen per cent. of the voting population of a county may organize into militia and be exempt from serving on jury, is unconstitutional in so far as same undertakes to exempt the members from serving on jury.

2. SAME. *Militia. Governor.* Section 11 of said act, which empowers the governor to call out the militia, when he deems it necessary, to suppress mobs, riots, etc., is unconstitutional.

FROM DAVIDSON.

Appeal in error from the Criminal Court of Davidson county. MATT. W. ALLEN, J.

JNO. V. WRIGHT and E. R. THURMAN for Green and Currey.

ATTORNEY-GENERAL LEA for the State.

DEADERICK, C. J., delivered the opinion of the court.

Green and Currey were summoned as jurors to try a case in the criminal court of Davidson county.

They failed and refused to obey the writ, and were fined ten dollars each.

They have appealed to this court, and insist they are exonerated from such service, as members of a military organization of the county of Davidson, by the provisions of an act entitled "an act to organize and incorporate an independent militia."

This act was passed in 1885. The first section

provides " that for the purpose of creating greater efficiency in the military system, charters may be granted to any association of individuals for the purpose of organizing themselves into independent military companies, battalions, squadrons, regiments and batteries," etc.

By subsequent sections the form of a charter is suggested; the powers and duties of the corporation defined, and amongst other powers and liabilities, " it may sue and be sued by the corporate name; have a common seal; hold real and personal estate," etc. And the said corporation is also authorized to elect a president, secretary and treasurer; make by-laws, rules and regulations. The term of office is defined, the capital stock and mode of raising it prescribed, and other duties and powers specified. But the corporation is prohibited from using the assets in dealing in currency, notes or coin.

Section seven provides that in any county of the State " male citizens between the ages of sixteen and sixty-five may organize themselves into companies, and these companies may form squadrons, battalions and regiments, and may have active and honorary members who shall pay a fee for admission, provided, however, that the whole number of active and honorary members shall not embrace more than fifteen per cent. of the voting population of the counties where organized. The governor, by section eight and subsequent sections, is made commander-in-chief, with power to call out the force to suppress riots, insurrections, mobs or breaches of the peace, etc.

Section thirteen of the act, exempts from service as jurors the members of the organization, by exhibiting certificates of membership.

Such are the material provisions of the "act to organize and incorporate an independent militia."

It is insisted for the State that the act is unconstitutional, because in conflict with article eleven, section eight, and article two, section seventeen of the Constitution.

The section first cited provides, amongst other things, that the Legislature shall not pass any law granting to any individual or individuals, rights, exemptions, privileges or immunities, other than such as may be by the same law extended to any member of the community who may be able to bring himself within the provisions of such law.

The act in question does grant the right to fifteen per cent. of the citizens of a county to organize as a corporation, and thereupon exempts them from jury service, while the balance of such citizens are denied the right and exemption provided for the favored number. Nor can the excluded number, by anything they can do under that act, receive its immunities and privileges, but under the general laws of the land, eighty-five per cent. of the citizens are bound to perform jury service, from which, under the act in question, the fifteen per cent. are exempted.

Article two, section seven of the Constitution declares, "No bill shall become a law which embraces more than one subject, and that subject to be expressed in the title. We have seen the title to this

bill relates solely to the organization and incorporation of the militia. It is not necessary that the title should express fully what is contained in the act. And the generality of the title is no objection if it is not made to cover legislation incongruous in itself: 8 Heis., 519; 2 Lea, 429; 8 Lea, 596; 12 Lea, 253.

The act in question, while it purports to relate only to the organization of the militia, provides personal exemption of the individual members from duties incumbent on other citizens by the general law.

This exemption or personal benefit has no relation or relevancy to the subject expressed in the title to the act.

It is also insisted that section eleven of the act of 1885, which empowers the governor to call out the militia when he deems it necessary, to suppress mobs, riots, etc., is in conflict with section five of article three of the Constitution, which provides that the militia shall not be called into service except in case of rebellion or invasion, and then only when the General Assembly shall declare, by law, that the public safety requires it.

We think that section eleven and thirteen of the act of 1885 are unconstitutional and void, and the judgment of the criminal court is affirmed.